*GEORGE DROTT v. VILLAGE OF RIVERSIDE.

1. Passage of Resolution May be Shown by Parol.

When a resolution was passed by a village council to appoint a superintendent for the erection of a public building, but by accident it was omitted from the minutes, it is competent for the superintendent in a suit for his salary to prove by oral testimony that the resolution had been passed, but omitted from the minutes.

2. No Liability for Services, Unless Certificate of Money in Treasury.

Such superintendent cannot recover for services unless a certificate be issued by the village clerk previous to the alleged contract, that the required money is in the village treasury.

---

* This decision is approved by the circuit court in Holmes v. Avondale, 5 Ohio Circ. Dec., 188, 189.

ERROR· to the Court of Common Pleas of Hamilton county.

Cox, J.

Plaintiff sued for a balance of $276 for work and labor in connection with the building of a handsome new town hall in the defendant village.

The first defense set up by the village was that the plaintiff had been fully paid. The court finds that the testimony does not establish this claim of the village.

The second defense was that no ordinance or resolution was ever adopted by the village council employing plaintiff to take charge of the building of the hall, as required by sec. 1693, Rev. Stat. There is nothing in the minutes to show that any such resolution was ever adopted, but plaintiff offered to prove by oral testimony that such a resolution was presented to council, and was passed by it. The trial judge refused to admit such testimony. The reviewing court holds that plaintiff was entitled to prove, if he could, that there had been an omission from the minutes, and the ruling below was therefore error.

The last defense set up by the village was that no certificate was ever issued by the clerk of the village previous to the making of the alleged contract with the plaintiff, certifying that the money which would be required under the contract, was in the village treasury. Under Bond v. The Village of Madisonville, 1, Ohio Circ. Dec., 581 (s. c., 2 C. C. R., 449), this defense, which is planted upon the Worthington law, is impregnable. "We are compelled to affirm the judgment· below by the absolute character of the law. Otherwise we should have reversed it, as we are satisfied from the testimony that the plaintiff has rendered valuable service to the village, for which he should be paid if the law would permit."

. N. Bird, for plaintiff in error.

D. Thew Wright, for defendant in error.